UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VON I. ROSS,

               **Plaintiff,**

       *- against -*

TOWN OF NEW WINDSOR et al.,

            **Defendants.**

11 Civ. 2287(CS)(PED)

**REPORT AND
RECOMMENDATION**

TO:   **THE HONORABLE CATHY SEIBEL
UNITED STATES DISTRICT JUDGE**

On March 31, 2011, plaintiff, proceeding *pro se*, initiated this action while in the custody of the Orange County Correctional Facility. Dkt. 2. For the reasons set forth below, I respectfully recommend that this case be **DISMISSED** for failure to prosecute.

## BACKGROUND

On November 15, 2011, this matter was referred to me for general pretrial supervision. Dkt. 19. On October 23, 2012, I entered an Order staying the action pending resolution of plaintiff's criminal appeal.[1] Dkt. 45. In that Order, I directed plaintiff to notify the Court and defense counsel of the outcome of his appeal within 30 days of any judicial decision or other disposition. The Order specifically cautioned plaintiff that failure to comply with that directive could result in dismissal of his case pursuant to Rule 41(b) of the Federal Rules of Civil

_____

[1]The stay was entered – on consent of all parties – to accommodate plaintiff's invocation of his Fifth Amendment rights in connection with the episode which gave rise to plaintiff's arrest and conviction. See Pipitone v. City of New York, 2012 WL 1431485 (E.D.N.Y. April 25, 2012). Notably, the stay was entered as an alternative to sanctioning plaintiff for his refusal to answer questions about the incident at his deposition.

    Copies of unreported cases will be mailed to the *pro se* plaintiff. See Lebron v. Sanders, 557 F.3d 76 (2d Cir. 2009).

Procedure.

Approximately one year later, by Order dated November 15, 2013, I directed the parties to advise the Court of the status of plaintiff's criminal appeal. Dkt. 46. A copy of that Order was mailed to plaintiff's address of record (Riverview Correctional Facility). The Order was returned undelivered with a notification that plaintiff had been paroled.[2] Nov. 20, 2013 Dkt. Text.

By letter dated December 10, 2013, defense counsel notified the Court that the Orange County District Attorney's Office had advised that plaintiff's criminal appeal was fully briefed and calendared by the Second Department on November 14, 2013. Dkt. 47. Defense counsel also provided a mailing address [the "Newburgh address"] obtained from the New York State Division of Parole. Counsel's letter was copied to plaintiff at the Newburgh address. No response from plaintiff was received.

By letter dated March 19, 2014, defense counsel advised the Court that a decision from the Second Department denying plaintiff's criminal appeal had been entered on January 29, 2014. Dkt. 48. On March 24, 2014, I directed the parties to appear before me for a status conference on April 7, 2014. Dkt. 49. Again, the Court's Order specifically cautioned plaintiff that failure to appear (or otherwise respond to the Order) could result in dismissal of the case for failure to prosecute. The Order also directed plaintiff to submit a change of address within five days. Copies of this Order were mailed to plaintiff's address of record (Riverview Correctional Facility) **and** to the Newburgh address. (The Riverview Correctional Facility mailing was returned undelivered, again with a notation that plaintiff had been paroled.) No response from

---

[2]The DOCS Inmate Locator indicates that plaintiff was released to parole on October 15, 2013.

2

plaintiff was received.

Plaintiff failed to appear at the April 7, 2014 status conference and has not contacted the Court. After waiting for plaintiff to appear, I authorized defendants to orally move to dismiss the the action pursuant to Rule 41(b) for failure to prosecute, and each defendant so moved.

## DISCUSSION

The Supreme Court has long recognized the "inherent power" of a District Court to dismiss a case for a plaintiff's failure to prosecute. Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962). This authority, which is necessary to permit the "orderly and expeditious disposition of cases," id. at 631, is now codified in the Federal Rules of Civil Procedure. Rule 41(b) permits the Court, upon motion of the defendant, to involuntarily dismiss an action when "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). To determine whether dismissal for failure to prosecute is warranted, the Court must examine five criteria, specifically, whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

United States ex rel. Drake v. Norden ., Inc., 375 F.3d 248, 254 (2d Cir. 2004). However, "[n]o one factor is dispositive," and the ultimate decision of whether to dismiss should be made "in light of the record as a whole." Id.

Here, the first factor weighs in favor of dismissal because plaintiff has not provided his address since he was paroled in October 2013, has not notified the Court as directed since his appeal was denied in January, 2014, and indeed has not communicated with the Court in any

3

way since October 2012.  As to the second factor, the Court has warned plaintiff several times that his failure to comply with the Court's orders could result in dismissal of this action.  The third factor also weighs in favor of dismissal because when a plaintiff has unreasonably delayed, prejudice to the defendants can be presumed.  See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982).  As to the fourth factor, relating to docket management, "[i]t is not an efficient use of the Court's . . . resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future."  Davison v. Grillo, No. 05 Civ. 4960(NG)(LB), 2006 WL 2228999, at *2 (E.D.N.Y. 2006).  Finally, as to the fifth factor, I find that "no lesser sanction is appropriate" since plaintiff "has made no effort to process the case" since it was stayed a year and a half ago.  McCorkle v. Sarter, No. 04 Civ. 4500(JFB), 2006 WL 234041, at *3 (E.D.N.Y. Aug. 9, 2006).

Plaintiff has failed to comply with his obligations to advise the Court of the status of his criminal appeal, to advise the Court of his new address, and to appear at a scheduled conference. Plaintiff's abandonment of this action is apparent and, accordingly, I respectfully recommend that this case be dismissed for failure to prosecute.

## CONCLUSION

For the reasons set forth above, I conclude–and respectfully recommend that Your Honor should conclude–that this case be **DISMISSED.**

Dated: April 9, 2014
    White Plains, New York

Respectfully submitted,

Paul E. Davison, U.S.M.J.

4

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days, plus an additional three (3) days, or a total of seventeen (17) days, from service of this Report and Recommendation to serve and file written objections.  See also Fed. R. Civ. P. 6(a), (b), (d).  Such objections, if any, along with any responses to the objections, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of the Honorable Cathy Seibel, at the Honorable Charles L. Brieant, Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Seibel.

Copies Mailed To:

Von I. Ross
Din# 12-A-0400
Riverview Correctional Facility
P.O. Box 247
Ogdensburg, NY 13669

Von I. Ross
8 Peachtree Street
Newburgh, NY 12550